UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS SAVOY AND JOAN SAVOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0517** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION C** |

### ORDER AND REASONS

Before this Court is a Motion in Limine to exclude the testimony Defendant's expert Van E. Hedges ("Mr. Hedges") filed by Plaintiffs, Louis Savoy ("Mr. Savoy") and Joan Savoy ("Mrs. Savoy," collectively, "Plaintiffs" or "the Savoys") (Rec. Doc. 20).  Defendant, State Farm Fire and Casualty Company ("Defendant" or "State Farm") opposes the motion.  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion in Limine is **GRANTED.**

### I. BACKGROUND

The Savoys owned the residence located at 11227 Waverly Drive, New Orleans, Louisiana 70128.  Both their homeowners' and flood insurance policies on the residence were procured through State Farm Insurance agent Ben Guillory ("Mr. Guillory").  Mr. Guillory was

their insurance agent for about thirty years. Plaintiffs allege that they relied on Mr. Guillory to provide the appropriate insurance coverage for their residence and to advise them on any deficiencies in their insurance coverage.

Plaintiffs claim that sometime before August 29, 2005, i.e. the date that Hurricane Katrina made landfall in Louisiana, they contacted Mr. Guillory to request an increase in their insurance coverage based on the appreciated value of their home. Plaintiffs allege that the value of their home had risen to about $250,000 to $275,000 and that their insurance coverage was substantially below this amount. As a result, Mr. Guillory increased that structure and contents portions of the Savoys' homeowners' insurance policy. Mr. Guillory contends that Plaintiffs never requested an increase in their flood insurance coverage. However, Plaintiffs claim that Mr. Guillory breached a fiduciary duty to them. Specifically, they allege that Mr. Guillory failed to increasease the limits on their flood insurance policy and/or failed to advise them of the disparity of the policy limits between the homeowners' and flood insurance policies.

Plaintiffs sued State Farm for Mr. Guillory's alleged breach of fiduciary duty and for State Farm's actions in adjusting and paying their claims under the existing insurance policies. State Farm hired Mr. Hedges to testify as an expert on the practice and ethics of insurance agents. Plaintiffs filed this Motion in Limine alleging that Mr. Hedges' report will not help the jury to understand a fact in issue and that Mr. Hedges is only restating case law, legal conclusions and the arguments of defense counsel.

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  Rule 702 was amended in 2000 to reflect the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). *Daubert* changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589, 592-93, 113 S.Ct. at 2795, 2796. *Kumho Tire* held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147, 119 S.Ct. at 1171.

*Daubert* provides a two-prong test for the trial judge to determine the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S.Ct. at 2796. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id*. at 595, 113 S.Ct. at 2796. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*.  Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on

principles and methodology, not on the conclusions that they generate." *Id*. at 595, 113 S.Ct. at 2797. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id*. at 593-94, 113 S.Ct. at 2796-97. These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144, 119 S.Ct. at 1175. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong, whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591, 113 S.Ct. at 2795. *Daubert* describes this examination as a question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id*., *citing United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir.1985). As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N. D. Tex. Nov.15, 2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Expert testimony is not relevant and thus inadmissable if it is not helpful. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990). "The Court

in *Peters* ruled that it is within the discretion of the trial judge to decide "that the jury could adeptly assess the situation using only their common experience and knowledge," and thus exclude expert testimony on that basis. If the expert's testimony brings no more to the jury than the lawyers can offer in argument, the expert's opinions should be excluded. *In re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D. La. Dec. 11, 2002).

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269 (5th Cir.1998). To meet this burden, defendants cannot simply rely on their expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id*. Nonetheless, in *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 (E.D.La. October 24, 2003), the Court noted that "its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. As the *Daubert* Court noted, '[v]igorous cross- examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id*. at *3 (internal citations omitted). As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility and should be left for the jury's consideration. *United States v. 14.38 Acres of Land, More or Less S. in County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996), *citing Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987).

### III. ANALYSIS

In the case at bar, State Farm offers Mr. Hedges as an expert on the practice and ethics of

insurance agents.  Specifically, State Farm claims that Mr. Hedges will aid the jury in understanding the actual duties and obligations of an insurance agent.  Plaintiffs, on the other hand, seek to exclude Mr. Hedges' testimony claiming that his testimony will not help the jury to understand a fact in issue and that he is simply restating case law, legal conclusions and the arguments of defense counsel.

To pass the *Daubert* test for admissibility expert testimony must be based on special knowledge and assist the trier of fact to understand or determine a fact in issue, i.e. it must be relevant.  The issues in this case are whether or not an insurance agent has a duty to recommend increasing policy limits and whether the Plaintiffs were reasonable in believing that the flood insurance policy would be increased along with the homeowners' insurance policy.  Mr. Hedges' report states that Mr. Guillory had no duty to recommend an increase in flood insurance coverage,  that it was "unreasonable" for the Savoys to assume that their flood insurance was increased and that Mr. Guillory's actions were "proper and within the acceptable standards and practices of the insurance industry."  See, Rec. Doc. 20 Exhibit A.  In his report, Mr. Hedges' does little more than make conclusory statements based on the facts of the case.  There is no indication that any expertise in insurance practices or ethics was required to draw these conclusions.

This case is not about the complicated inner workings of the insurance industry.  It is about a simple miscommunication and/or misunderstanding between an insurance agent and his clients.  There is no need for expert testimony.  Nothing in Mr. Hedges' report or proposed testimony will help the jury to understand a fact in issue that is not within the common

understanding of a lay juror.[1]

IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion in Limine to exclude the testimony of Defendant's expert Van E. Hedges is **GRANTED**.

New Orleans, Louisiana, this 26th day of September, 2006.

>                     HELEN G. BERRIGAN
>                     UNITED STATES DISTRICT JUDGE

---

[1] In light of this decision, it is unnecessary to determine whether Mr. Hedges is qualified to testify as an expert on insurance practice and ethics.